JUDGE BATTS

**07 CV 10419**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| GREY GLOBAL GROUP, INC., d/b/a GREY WORLDWIDE,<br><br>Plaintiff,<br><br>- against -<br><br>SHANE CO. d/b/a WESTERN STONE & METAL CORP.,<br><br>Defendant. | 07 CV _____<br><br>[STAMP: NOV 19 2007 U.S.D.C. S.D.N.Y. CASHIERS]<br><br>*Removed from*<br>SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK<br><br>State Court Index No. 603425/07 |

------------------------------------------------------------X

## NOTICE OF REMOVAL

**TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, Shane Co. d/b/a Western Stone & Metal Corp. ("Shane" or "Defendant") hereby notices the removal of this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, New York County. The grounds for removal are more particularly stated as follows:

1.  Shane is the defendant in the above-entitled action, which was commenced on or about October 16, 2007, when Plaintiff, Grey Global Group, Inc., d/b/a Grey Worldwide ("Plaintiff"), filed a Summons and Complaint in the Supreme Court of New York, New York County, Index No. 603425/07. A copy of the Summons and Complaint are annexed as **Exhibit A**.

2.  The Summons and Complaint were served on Shane on October 19, 2007.

3. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of Shane's receipt of the Summons and Complaint, which are the initial pleadings setting forth Plaintiff's claims.

4. There is complete diversity of citizenship between the parties. Shane is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business located in Englewood, Colorado. (Compl. ¶ 3). As alleged in the Complaint, Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in New York, New York. (Compl. ¶ 2).

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amounts in controversy are in excess of $75,000.00, exclusive of interest and costs.

7. Accordingly, pursuant to 28 U.S.C. § 1441, Shane is entitled to remove this action to this Court.

8. As required by 28 U.S.C. § 1446(b), true and correct copies of all process, pleadings and orders served upon Shane are filed with this Notice of Removal.

9. Shane expressly reserves all substantive and procedural claims, counterclaims and defenses, including, without limitation, defenses based on venue and personal jurisdiction.

WHEREFORE, Defendant requests that this action be removed to this Court.

Dated: November 16, 2007
New York, New York

Respectfully submitted,

MOSES & SINGER LLP
Attorneys for Defendant

By: _____
Philippe Zimmerman (PZ 7744)
Jennifer Nigro (JN 3485)

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel. 212-554-7800
Fax 212-554-7700
pzimmerman@mosessinger.com
jnigro@mosessinger.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| GREY GLOBAL GROUP INC. d/b/a Grey Worldwide,<br><br>Plaintiff,<br><br>-against-<br><br>SHANE CO. d/b/a Western Stone & Metal Corp.,<br><br>Defendant. | Index No. 603425/07<br><br>Date of Filing: 10/16/07<br><br>**SUMMONS**<br><br>Plaintiff designates New York County as the place of trial based upon C.P.L.R. § 503. |

TO THE ABOVE NAMED DEFENDANTS: SHANE CO. d/b/a Western Stone & Metal Corp.,

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer on plaintiff's attorneys within 20 days after service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       October 16, 2007

                                        DAVIS & GILBERT, LLP

                                        By: _____
                                        Miles A. Baum
                                        David S. Greenberg
                                        1740 Broadway
                                        New York, New York 10019
                                        (212) 468-4800
                                        *Attorneys for Plaintiff*
                                        *Grey Global Group Inc*

Shane Co., d/b/a Western Stone & Metal Corp.,
9200 E. Mineral Avenue, Suite 200
Englewood, Colorado 80112

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------

GREY GLOBAL GROUP INC. d/b/a Grey Worldwide,

    Plaintiff,

-against-

SHANE CO. d/b/a Western Stone & Metal Corp.,

    Defendant.

---------------------------------------------------

Index No. 603425/07

**COMPLAINT**

Plaintiff GREY GLOBAL GROUP INC. d/b/a Grey Worldwide ("Grey" or "Plaintiff"), by its attorneys, Davis & Gilbert LLP, for its Complaint against defendant SHANE CO. d/b/a Western Stone & Metal Corp. ("Shane" or "Defendant") states as follows:

### NATURE OF THE ACTION

1. This action concerns Shane's failure and refusal to pay Grey approximately $265,420.48 due to Grey for advertising and media-placement services rendered pursuant to an advertising agency contract between the parties.

### PARTIES

2. Plaintiff Grey is a corporation, duly formed pursuant to the laws of the State of Delaware, with its principal place of business located at 777 Third Avenue, New York, New York 10017.

3. Upon information and belief, defendant Shane is a corporation organized pursuant to the laws of the State of Colorado, with its principal place of business located at 9200 E. Mineral Avenue, Suite 200, Englewood, Colorado 80112.

## ALLEGATIONS COMMON TO ALL CLAIMS

4. On or about July 28, 2004 Grey and Shane entered into an agreement pursuant to which Grey was to act as Shane's advertising agency, and was to furnish Shane with professional advertising agency services (the "Agreement").

5. Pursuant to the Agreement, in addition to Grey's fees, Grey was to invoice Shane for production and other costs on an estimated and/or scheduled basis, and Shane was to pay Grey for Grey's services and costs upon receipt of Grey's invoices. Pursuant to the Agreement, these invoices would later be reconciled to actual final charges, and Shane's account with Grey adjusted accordingly, after obligations to vendors and suppliers were finalized.

6. Pursuant to the Agreement, Grey was permitted to utilize Grey-affiliated companies in providing services to Shane.

7. Beginning in or about July 2004 and continuing through about June 2006, Grey provided to Shane professional advertising agency services, including (without limitation) consumer research, strategic development, creative development and production services.

8. Beginning in or about January 2006, and continuing through about August 2006, pursuant to the Agreement, Grey utilized one of its affiliated companies, a wholly-owned subsidiary named Mediacom Worldwide Inc. ("Mediacom"), to provide media-buying and advertising-placement services to Shane.

9. Grey (both directly and through its affiliated company, Mediacom) duly performed all of the terms and conditions of the Agreement on its part to be performed, and Shane accepted and used Grey's and Mediacom's services.

10. Pursuant to the Agreement, Grey regularly invoiced Shane for its and Mediacom's services, and for production and/or media costs, on an estimated basis.

2

11. Despite its agreement to this invoicing arrangement, Shane repeatedly failed and refused to pay the invoices as issued by Grey. Instead, Shane insisted on receiving documentation of all actualized production and/or media costs, and paid only those amounts for which finalized documentation was provided. As a result, Shane repeatedly paid less than the full amount of Grey's invoices as Grey issued them.

12. By October 2006, Grey's outstanding and unpaid invoice amounts to Shane totaled $1,193,580.76.

13. In or about October 2006, Shane paid Grey $927,459.70 toward Shane's outstanding balance.

14. Shane failed to make any further payments toward the $266,121.06 that remained due and owing to Grey under the Agreement. The majority of this outstanding amount consisted of expenses incurred by Grey and Mediacom on Shane's behalf in purchasing placements for Shane's advertising from third-party media outlets.

15. Despite Grey's repeated demands, Shane refused to pay this amount due and owing to Grey, in breach of the Agreement.

16. In or about mid-2007, two credits were applied to Shane's account with Grey, totaling $700.58, reducing Shane's outstanding balance to $265,420.48.

17. As of the date hereof, the total amount due and owing to Grey from Shane is $265,420.48.

18. As a result of Shane's breach of the Agreement, Grey has sustained damages in the amount of approximately $265,420.48.

3

## AS AND FOR A FIRST CAUSE OF ACTION
### Breach of Contract

19. Grey hereby realleges and incorporates by reference paragraphs 1 through 18 of the complaint as if fully set forth herein.

20. Grey (both directly and through Mediacom) duly performed all of the terms of the Agreement on its part to be performed.

21. Shane accepted Grey's and Mediacom's services provided, and accepted the benefits of the expenses incurred by Grey and Mediacom on Shane's behalf pursuant to the terms of the Agreement.

22. Shane has breached the Agreement by failing to pay Grey for the services Grey and Mediacom rendered and the expenses Grey and Mediacom incurred.

23. Despite Grey's repeated demands that Shane pay the amounts due and owing under the Agreement, Shane have refused to pay those amounts.

24. As a result of Shane's breach of the Agreement, Grey has suffered damages in the amount of $265,420.48.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Quantum Meruit/Unjust Enrichment)
### (Brought in the alternative to the First Cause of Action)

25. Grey hereby realleges and incorporates by reference paragraphs 1 through 24 of the complaint as if fully set forth herein.

26. Grey and Mediacom performed valuable services in good faith for Shane, and incurred expenses on Shane's behalf.

27. Shane accepted Grey's and Mediacom's services rendered and accepted the benefits of the expenses incurred on Shane's behalf.

4

28. Grey reasonably expected to be paid for these services and reimbursed for these expenses.

29. Shane has refused to pay for significant portions of these services and expenses.

30. The services provided by Grey and Mediacom to Shane and the expenses incurred, for which Shane has refused to pay, are reasonably worth at least $265,420.48.

31. As a result of the foregoing, Shane has been unjustly enriched at the Grey's expense in the amount of at least $265,420.48. Grey has demanded payment from Shane but Shane has refused and still refuses to pay.

32. Allowing Shane to retain the benefits of Grey's and Mediacom's services rendered and expenses incurred without compensating Grey would be unjust.

WHEREFORE, plaintiff Grey Global Group requests judgment against Shane Co. as follows:

    A.    On the first cause of action, awarding Grey $265,420.48;

    B.    On the second cause of action, awarding Grey $265,420.48;

    C.    Awarding Grey interest, costs and disbursements of this action, including Grey's reasonable attorneys' fees; and

    D.    Granting such other and further relief as may be just and proper.

DAVIS & GILBERT LLP

By: _____
Miles A. Baum
David S. Greenberg
1740 Broadway
New York, New York 10019
(212) 468-4800
*Attorneys for Plaintiff*
*Grey Global Group Inc*

Dated: New York, New York
       October 16, 2007

6



Index No. _____ Year _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GREY GLOBAL GROUP INC. d/b/a Grey Worldwide,

Plaintiff,

-against-

SHANE CO. d/b/a Western Stone & Metal Corp.,

Defendant.

**SUMMONS AND COMPLAINT**

Signature (Rule 130-1.1-a)

Print name beneath

**DAVIS & GILBERT LLP**
Attorneys for
Office and P.O. Address, Telephone
1740 Broadway
NEW YORK, N.Y. 10019
Area Code (212) 468-4800

To _____

Attorney(s) for _____

Service of a copy of the within is hereby admitted.

Dated: _____

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a _____ duly entered in the office of the clerk of the within named court on _____

Dated,
Yours, etc.
**DAVIS & GILBERT LLP**
Attorneys for
Office and Post Office Address
1740 Broadway
NEW YORK, N.Y. 10019

To _____

Attorney(s) for _____

NOTICE OF SETTLEMENT

PLEASE take notice that an order _____ of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on _____ at M.

Dated,
Yours, etc.
**DAVIS & GILBERT LLP**
Attorneys for
Office and Post Office Address
1740 Broadway
NEW YORK, N.Y. 10019

To _____

Attorney(s) for _____

NEW YORK COUNTY CLERK'S OFFICE OCT 16 2007 NOT COMPARED WITH COPY FILED

| | |
|---|---|
| Certification By Attorney ☐ | I, the undersigned, an attorney admitted to practice in the courts of New York State, certify that the within _____ has been compared by me with the original and found to be a true and complete copy. |
| Attorney's Affirmation ☒ | state that I am the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by _____

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: _____

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: _____ |

STATE OF NEW YORK, COUNTY OF _____ ss:

I, the undersigned, being duly sworn, depose and say: I am _____

☐ Individual Verification — in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification — the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing _____ and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief; and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: _____

Sworn to before me on _____                                    _____
                                                                 The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss:   (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at _____

On _____ I served the within _____

☐ By Mail — by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ Service on Individual — by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein.

☐ FAX / E-MAIL — by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ Overnight Delivery Service — by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Sworn to before me on _____                                    _____
                                                                 The name signed must be printed beneath